Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000457
17-SEP-2018
11:54 AM

NO. CAAP-17-0000457

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAN CAPITAL ASSET SERVICING, INC.,
Plaintiff-Appellee,
v.
BUDGET COLOR LITHO, INC.; ALVIN ISHIHARA, aka ALVIN ISHIHANA,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC15-1-10600)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendants-Appellants Budget Color Litho, Inc. (**Budget Color**) and Alvin Ishihara aka Alvin Ishihana (**Ishihara**) (collectively, **Appellants**) appeal from a Judgment entered in favor of Plaintiff-Appellee Can Capital Asset Servicing, Inc. (**Can Capital**) filed on May 11, 2017, in the District Court of the First Circuit (**district court**). Appellants challenge the district court's order granting Can Capital's summary judgment motion.[1]

On appeal,[2] Appellants contend that the district court erred in granting summary judgment in favor of Can Capital

_____

[1] The Honorable Hilary B. Gangnes entered the order granting summary judgment, and the Honorable Melanie May entered the Judgment.

[2] Can Capital did not file an answering brief, thus the Appellants did not file a reply brief.

because: (1) Can Capital failed to prove it had a contract with Appellants; (2) WebBank was not an agent of Can Capital; and (3) the district court failed to enter findings of fact and conclusions of law as to its summary judgment ruling.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Appellants' points of error as follows and vacate summary judgment.

This matter involves an alleged breach of a loan agreement between Budget Color and WebBank. On November 18, 2015, Can Capital filed a Complaint and alleged that on August 8, 2013, Can Capital executed a business loan agreement with Budget Color; that Ishihara personally guaranteed the loan; and Appellants failed to make timely payments on the loan agreement and defaulted on their obligations resulting in an unpaid balance of $24,224.99. Appellants filed their answer on March 23, 2016 and asserted that Can Capital was not a real party in interest.

On March 30, 2017, Can Capital filed a summary judgment motion arguing that the record demonstrated that Appellants failed to follow through on their contractual obligations and there were no genuine issues of material fact.

Can Capital's evidence in support of its summary judgment motion included: (1) an Affidavit of Mark Howard (**Howard**), the Chief Financial Officer of WebBank; (2) an Affidavit of Indever Lal, Director of Collections for Can Capital; and (3) a Declaration by Robert S. Holland, attorney for Can Capital. Howard attested that Can Capital, formerly known as Newlogic Business Loan, Inc. (**NewLogic**), acted as servicer of business loans made by WebBank; that on August 8, 2013, Budget Color entered into a loan agreement with WebBank in which WebBank loaned the principal amount of $37,900.00 to Budget Color in exchange for a repayment amount of $54,576.00; and Can Capital became the successor in interest to WebBank having purchased the

2

loan agreement from WebBank on August 12, 2013, pursuant to a NewLogic Loan Sale Agreement dated September 14, 2012.[3]

Attached to the affidavits were the following relevant documents: (1) a Bill of Sale signed on September 14, 2015, which indicated that in consideration of a loan program agreement between NewLogic and WebBank dated September 14, 2012, WebBank had assigned its rights in the loan account for Budget Color as of August 12, 2013; (2) NewLogic's Articles of Amendment with the Commonwealth of Massachusetts amending the corporation's name to Can Capital, signed on November 26, 2013; (3) the Business Loan Agreement between WebBank and Budget Color and a personal guaranty under the contract by Ishihara; (4) Can Capital's statement of accounts; (5) Can Capital's request for answers to interrogatories and for production of documents and Appellants' answers verified by Ishihara.

On May 1, 2017, the district court issued its order granting Can Capital's summary judgment motion and on May 11, 2017, entered Judgment against Appellants in the principal amount of $24,224.99, plus filing fees of $155.00, resulting in the total amount of $24,379.99.

We review a trial court's grant of summary judgment *de novo*. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

Appellants contend the district court erred in granting Can Capital's summary judgment motion because there is a genuine issue of material fact as to whether Can Capital had a contract

---

[3] Howard attested that pursuant to the NewLogic Loan Sale Agreement dated September 14, 2012, between WebBank and NewLogic, WebBank may sell, transfer, assign and otherwise convey to NewLogic (currently Can Capital) loan accounts. Under this agreement, Can Capital could purchase multiple loan accounts and the accounts assigned by WebBank to Can Capital were effective the date Can Capital purchased the loan accounts. Howard attested that the "Bill of Sale that has been provided is the bill of sale evidencing the sale and assignment of [Budget Color's] loan account." He further attested that "[a]lthough the format of the Bill of Sale document contains a date of September 14, 2015, evidencing the date that I actually signed the Bill of Sale, this is not the date that the purchase and assignment of the [Budget Color] loan account actually occurred . . . the sale and assignment to [Can Capital] was effective was [sic] August 12, 2013."

with Appellants. Specifically, Appellants contend that the business loan agreement was made with WebBank, not Can Capital and Can Capital's name was not amended until 2013.

In this case, the record demonstrates that on August 8, 2013, Budget Color entered into a loan agreement with WebBank in which WebBank loaned Budget Color the principal amount of $37,900.00 in exchange for a repayment amount of $54,576.00. Ishihara personally guaranteed payment for all amounts owed by Budget Color under the loan agreement. Thus, Appellants entered into a contract with WebBank.

WebBank then appears to have assigned its rights in the business loan agreement to NewLogic. The assignment to NewLogic is permissible under the business loan agreement. The agreement provides in a provision titled "<u>Assignment</u>" that WebBank "may assign, mortgage, pledge or otherwise transfer or delegate this [business loan agreement] or any of [WebBank's] rights or obligations hereunder to any party (each, an '<u>Assignee</u>') without notifying [Budget Color] or obtaining [Budget Color's] consent." However, the "Assignment" provision further provides, in relevant part, that:

> Upon and following receipt of <u>written notification by an Assignee to you</u>, you are authorized and directed to remit any and all amounts then or thereafter payable by you under this Agreement directly to such Assignee.

(Emphasis added). Can Capital did not adduce any evidence in support of its summary judgment motion that NewLogic or Can Capital provided written notification of the assignment to Budget Color. Can Capital submitted billing statements that it apparently sent to the Appellants with the outstanding amounts. However, these statements do not indicate that Can Capital (or its predecessor NewLogic) was an assignee under the Business Loan Agreement between WebBank and Budget Color.

In the record in the district court, Ishihara submitted a declaration stating in relevant part that, "[s]ince Plaintiff claims to own the debt, this is surprising to me because I don't ever recall receiving any written or other notice from WebBank[,]

4

Newlogic Business Loans, Inc. nor Plaintiff advising that the assignment of my debt had been made to a new entity." Although Ishihara's declaration was submitted in opposition to Can Capital's first summary judgment motion, which was withdrawn, Budget Color's opposition to the second summary judgment motion referred to its prior opposition.

Given the record in this case, and based on our *de novo* review, we conclude that there is a genuine issue of material fact whether Can Capital or NewLogic provided written notice to Budget Color pursuant to the "Assignment" provision in the Business Loan Agreement. Thus, the district court erred in granting summary judgment for Can Capital.

Therefore, IT IS HEREBY ORDERED that the Judgment entered on May 11, 2017, in the District Court of the First Circuit is vacated. The case is remanded to the district court for further proceedings consistent with this order.

DATED: Honolulu, Hawaiʻi, September 17, 2018.

On the briefs:

R. Steven Geshell,
for Defendants-Appellants.

Chief Judge

Associate Judge

Associate Judge

5